UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

        Plaintiff,                    Case Number 08-15093-BC
                                                Honorable Thomas L. Ludington

v.

MIKE MARTIN, J. ARMSTRONG,
BASHIR, JOHN DOE, JANE DOE,
OATUS BURRUS, S. MONAHAN,
SLOMSKI,

        Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING COMPLAINT WITH PREJUDICE, AND DENYING AS MOOT PLAINTIFF'S MOTIONS TO PROCEED TO TRIAL**

On December 12, 2008, pro se Plaintiff Derrick Allison, who is currently incarcerated at Alger Maximum Correctional Facility in Munising, Michigan, filed a complaint [Dkt. # 1] against individual Defendants identified as Mike Martin, J. Armstrong, Bashir, John Doe, Jane Doe, Oatus Burrus, S. Monahan, and Slomski. Plaintiff's complaint alleges that Defendants prevented him from practicing his religion in violation of the Free Exercise Clause of the U.S. Constitution pursuant to 42 U.S.C. § 1983 and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. The matter is now before the Court on a report and recommendation issued by Magistrate Judge Virginia M. Morgan on November 5, 2009 [Dkt. # 21], recommending that Defendants' motion for summary judgment [Dkt. # 16] be granted. The report makes ten primary recommendations, which can be summarized as follows:

      First, the magistrate judge recommends that Defendant Armstrong is entitled to summary

judgment on all of Plaintiff's claims because Defendant Armstrong's only involvement was to review and respond to Plaintiff's grievance appeals, which does not give rise to liability under § 1983.  Second, the magistrate judge recommends that Defendants Basir and Martin, who are chaplains, are entitled to summary judgment on Plaintiff's claims involving his transfer to a non-kosher facility because they did not participate in the decision to transfer Plaintiff.  Third, the magistrate judge recommends that Defendant Martin is entitled to summary judgment on Plaintiff's claims involving his request to participate in the kosher meal program because the evidence in the record does not establish that Plaintiff's alleged religious beliefs are sincerely held.

Fourth, the magistrate judge recommends that Defendant Burrus, who is a chaplain, is entitled to summary judgment on Plaintiff's claims regarding the availability of religious services because Plaintiff has not presented sufficient evidence that his beliefs are sincere; Plaintiff cannot overcome the burden of showing that the policy of refusing to have group religious services for fewer than five inmates in the same security level at a facility is not reasonably related to a penological interest; and there is no evidence that Plaintiff was precluded from practicing his religion in his cell or that he was denied visits from clergy.

Fifth, the magistrate judge recommends that Defendant Burrus is entitled to summary judgment on Plaintiff's claim that Defendant Burrus refused to provide him with religious materials because Plaintiff is entitled to purchase religious materials, but Defendant Burrus is not obligated to provide free materials.  Sixth, the magistrate judge recommends that Defendant Monahan is entitled to summary judgment on Plaintiff's claim that she denied him access to his religious property because Plaintiff has not shown how such conduct deprived Plaintiff of his ability to exercise his religion.  Seventh, the magistrate judge recommends that Defendants Monahan and

Slomski are entitled to summary judgment because the alleged denial of notary services does not amount to a denial of Plaintiff's free exercise rights.

Eighth, the magistrate judge recommends that Defendants are entitled to qualified immunity in their individual capacities because Plaintiff cannot establish any constitutional violations, and that Defendants are entitled to sovereign immunity in their official capacities because the State has not consented to suit. Ninth, the magistrate judge recommends that Plaintiff's RFRA claims are not viable because the U.S. Supreme Court has held that the RFRA is unconstitutional as applied to the states. Tenth, and finally, the magistrate judge recommends that Plaintiff's claims against Jane and John Doe should be dismissed because Plaintiff concedes that his claims against those individuals are not viable.

On or about November 19, 2009, Plaintiff filed objections to the magistrate judge's report and recommendation [Dkt. # 22]. However, rather than raise specific objections, Plaintiff has summarized the factual assertions that he has previously advanced in his complaint and his response to Defendants' motion for summary judgment. Plaintiff has done so by providing a "response" to each paragraph of the magistrate judge's report and recommendation. Nonetheless, Plaintiff does not point to specific facts that the magistrate judge did not properly consider or identify any particular legal analysis contained in the report and recommendation that he considers faulty. Despite the deficiencies of Plaintiff's objections, the Court will summarize and briefly address them.

Plaintiff contends that the fact that Defendant Bashir does not recall administering a Kosher test to Plaintiff does not mean that he did not do so. Plaintiff asserts that Defendant Bashir did not provide the "original" Kosher test to Defendant Martin, or that Defendant Martin destroyed it. Plaintiff also asserts that letters he sent to Defendant Martin regarding the test were ignored and that

Defendant Martin worked with Defendant Burrus to deny Plaintiff's rights.

Plaintiff asserts that, contrary to Defendant Burrus' affidavit, Plaintiff did not cheat on the kosher test ultimately relied upon by Defendants. Further, Plaintiff contends that the latter test was "too advanced" and not a "policy requirement." Plaintiff contends that he should have only been required to complete part of the test. Plaintiff argues that his lack of knowledge is "no proof at all of insincerity," and that he should be expected to know less since he is a recent convert to Judaism. Plaintiff asserts that his hunger strike and assertion of his rights shows his sincerity. Plaintiff contends that because he was denied a kosher diet, he was unable to practice his religion at all.

Plaintiff asserts that Defendant Burrus denied him all religious material even though Defendant Burrus had plenty available to provide to inmates. Similarly, Plaintiff asserts that Defendant Monahan refused to give him religious materials from his property although she knew it was available to him. Plaintiff asserts that Monahan and Slomski refused to have an affidavit notarized for Plaintiff and that the document only referred to another inmate because the inmate was a witness that needed to sign the affidavit. Plaintiff contends that Defendant Armstrong collaborated with the other Defendants to violate Plaintiff's rights by not correcting the problems identified in Plaintiff's grievances.

As previously mentioned, Plaintiff's objections, or response, to the magistrate judge's report and recommendation do not specifically identify any improper legal theories applied or conclusions reached by the magistrate judge. Indeed, Plaintiff has generally responded to each and every paragraph of the report and recommendation, restating the factual assertions advanced in his complaint and response to Defendants' motion for summary judgment. It is not apparent how any of the information submitted by Plaintiff impacts the magistrate judge's analysis.

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt # 22] are **OVERRULED**, the magistrate judge's report and recommendation [Dkt # 21] is **ADOPTED**, Defendants' motion for summary judgment [Dkt # 16] is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motions to proceed to trial [Dkt. # 19, 20] are **DENIED AS MOOT**.

                                    s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

Dated: January 22, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2010.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS