UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

        Plaintiff,        Case Number 08-15093-BC
                                      Honorable Thomas L. Ludington
v.

MIKE MARTIN,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT

On December 10, 2008, pro se Plaintiff Derrick Allison ("Allison"), who is currently incarcerated at Alger Maximum Correctional Facility in Munising, Michigan, filed a complaint [Dkt. # 1] against individual Defendants identified as Mike Martin, J. Armstrong, Bashir, John Doe, Jane Doe, Oatus Burrus, S. Monahan, and Slomski. Plaintiff's complaint alleges that Defendants prevented him from practicing his religion in violation of the Free Exercise Clause of the United States Constitution pursuant to 42 U.S.C. § 1983 and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, by denying his participation in the Kosher Meals Program and refusing to give him religious materials. Plaintiff seeks an injunction barring discrimination, mandating his immediate placement in the Kosher meals program and forwarding any monetary award he recovers to his personal bank account. Plaintiff seeks compensatory damages in the amount of $50,000 and punitive damages.

On March 16, 2009, Defendants Martin, Armstrong, Bashir, Burrus, Monahan, and Slomski filed a motion for summary judgment [Dkt. #16] and Plaintiff filed a response on April 20, 2009 [Dkt. #18]. United States Magistrate Judge Virginia Morgan issued a report and recommendation to grant Defendants' motion for summary judgment [Dkt. #21] on November 5, 2009, and Plaintiff

filed an objection to the report and recommendation [Dkt. #22] on November 19. On January 22, 2010, this Court issued an order adopting Judge Morgan's report and recommendation. The Court's order overruled Plaintiff's objections, granted Defendants' motion for summary judgment as to all claims, and dismissed Plaintiff's complaint with prejudice [Dkt. #23]. On February 18, 2010, Allison filed a notice of appeal [Dkt. #25] of the Court's January 22, 2010 order. Defendants filed an appearance but did not provide a response on appeal. Counsel for Defendants instead noted that they believed the issues were without merit, and that "[d]ue to scarce resources and current budget restraints, as well as the increasing workload, [the Michigan Attorney General's office did] not intend to file a brief unless requested to do so." *See Allison v. Martin, et al.*, No. 006110653547 10-1218 (6th Cir. June 14, 2010).

The United States Court of Appeals for the Sixth Circuit decided on December 30, 2010 [Dkt. #34] that Allison has explicitly abandoned his claims against defendants John Doe, Basir, and Slomski and that Allison had also waived his claim that Monahan and Wayda-Slomski denied him notary services. The Court of Appeals then affirmed this Court's judgment as to all claims raised in Allison's complaint except his First Amendment claim that Chaplain Martin denied his request to participate in the Kosher Meals Program. The Court of Appeals concluded that a genuine dispute of fact had been demonstrated concerning the sincerity of Allison's religious beliefs regarding the need for a Kosher diet.[1] On January 21, 2011, the Court received a mandate from the Court of Appeals [Dkt. #36] pursuant to the disposition entered on December 30, 2010 and the case is now

---

[1] In denying Allison's request for the Kosher Meals Program, Defendants found that Allison lacked sincerity in his religious beliefs regarding the need for a Kosher diet because he provided incomplete and sometimes inaccurate explanations to the questions asked, he was unable to explain the major teachings of Judaism, and he was unable to explain what is included and excluded from a Kosher diet.

-2-

remanded for further proceedings.

On March 14, 2011, Allison filed a motion to amend his complaint [Dkt. #42]. Allison contends that he has discovered a new defendant, Chaplain Riley, who was operating in concert with Martin to violate his rights and requesting that the Court reverse the Sixth Circuit's grant of summary judgment on the claims against Oatus Burrus. Defendant filed a response on March 18, 2011 [Dkt. #43] opposing Plaintiff's motion based on Federal Rule of Civil Procedure 15, concepts of futility, failure to comply with the Eastern District of Michigan local rules by not including a copy of the proposed amended complaint, and because amendment after the case has already been dismissed and taken up on appeal would not be in the interests of justice. Allison filed another motion to amend his complaint [Dkt. #45] on March 28, 2011, in order to cure his deficiency under the local rules. His proposed amended complaint included the allegations outlined above, as well as allegations of his rights being further violated through a more recent denial of his request to participate in the Kosher Meals Program arising from events that took place in September and November 2010 and a claim for conspiracy by Chaplain Riley and Defendant Martin to discriminate based on race as a result of these events. Allison also filed a reply to Defendant's response on March 28, 2011 [Dkt. #44].

When an amended complaint is not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While liberally granting leave to amend under Rule 15(a) is "a mandate to be heeded," there are several reasons to deny a motion to amend such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Id.* at 182.

The allegations against Chaplain Riley, in conjunction with Defendant Martin, in the proposed amended complaint are based on events that allegedly occurred in September 2010 and November 2010, nearly two years after the initial complaint was filed. The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies as to each claim and each defendant prior to filing a complaint, 42 U.S.C. § 1997e(a). A prisoner may not exhaust administrative remedies during the pendency of a federal suit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *see also Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

Furthermore, amendment of the complaint to add new claims against a new defendant at this juncture would result in prejudice to the original, remaining Defendant by further prolonging the proceedings after dispositive motions have been argued, ruled on, appealed and remanded. *See Lyle v. Jackson*, F. App'x 492, 493 (6th Cir. 2002). As a result, the Court will deny Allison's motion to file an amended complaint to add Chaplain Riley as a defendant and to add allegations regarding the events he contends occurred in September and November 2010.

Moreover, reinstatement of former defendant Oatus Burrus is barred by the decision of the Sixth Circuit, and is the law of the case. As a result, former defendant Burrus may not be reinstated as a party.

Accordingly, it is **ORDERED** that Plaintiff's motions to amend complaint [Dkt. #42; Dkt. #45] are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 18, 2011

> **PROOF OF SERVICE**
> The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Derrick Allison #416330, at Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862 by first class U.S. mail on April 18, 2011.
> s/Tracy A. Jacobs
> TRACY A. JACOBS