UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

        Plaintiff,        Case Number 08-15093-BC
                                    Honorable Thomas L. Ludington

v.

MIKE MARTIN,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL AND MOTION FOR A CERTIFICATION OF APPEALABILITY**

On December 14, 2011, the Court issued an opinion and order granting Defendant's motion for summary judgment on the basis of qualified immunity and dismissing Plaintiff's only remaining claim with prejudice. ECF Nos. 65, 66. On January 5, 2012, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. ECF No. 74.

Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

(6) any other reason justifying relief from the operation of the judgment.

*Id.* at 395. Plaintiff does not specify which subsection applies to his request, but appears to contend that the Court's order should be set aside or vacated because of mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1) or for relief pursuant to Rule 60(b)(6).

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. . . ." Such a motion is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *see also Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal."). To be corrected, under Rule 60(b)(1), a mistake of law by the court must involve a fundamental misconception of law or a conflict with a clear statutory mandate. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

Although courts have some discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by the public policy favoring finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.*; *see, e.g.*, *Weekley*

-2-

*v. Jones*, 927 F.2d 382, 386 (8th Cir.1991) (extension of time for filing of notice of appeal could be granted to pro se prisoner who was on medication and who apparently still suffered from borderline mental retardation and paranoid schizophrenia); *Givens v. Housewright*, 612 F. Supp. 174,178 (D.Nev.1985) (extension of time to file appeal granted to habeas petitioner, in part because petitioner was required to turn to another inmate in prison yard to help him with his appeal and pressed other inmate to complete necessary work).

Plaintiff's motion for relief for judgment restates arguments that have already been provided to and considered by the Court. The motion does not provide any legal authority that would support an argument that the Court's December 14, 2011, opinion and order involved a fundamental misconception of law or a conflict with a clear statutory mandate nor does Plaintiff provide any unusual and extreme situations where principles of equity mandate relief.

Plaintiff has also filed an application to proceed without prepayment of fees on appeal (ECF No. 72) and a motion to file an appeal, which the Court construes as a motion for a certificate of appealability (ECF No. 71). Because Plaintiff was permitted to proceed without prepayment of fees in this Court further authorization is not required. Fed. R. App. P. 24(a)(3). Plaintiff may proceed without prepayment of fees on appeal. A certificate of appealability is required only in certain types of cases, typically habeas corpus proceedings brought pursuant to 28 U.S.C. §§ 2254 and 2255. *See* 28 U.S.C. § 2253(c). A certificate of appealability is not required, however, to appeal a district court order denying relief for claims brought pursuant to 42 U.S.C. § 1983. *Johnson v. CCA-Northeast Oh. Corr. Ctr.*, 21 F. App'x 330, 332 (6th Cir. 2001).

Accordingly, it is **ORDERED** Plaintiff's motion for relief from judgment (ECF No. 68) is **DENIED**.

It is further **ORDERED** that Plaintiff's application to proceed without prepayment of fees (ECF No. 72) is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's motion for a certificate of appealability (ECF No. 71) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 25, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Derrick Allison, # 416330, at Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 by first class U.S. mail on January 25, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS