UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK ALLISON,

        Plaintiff,        Case Number 08-15093-BC
                                   Honorable Thomas L. Ludington
v.

MIKE MARTIN,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RELIEF FROM JUDGMENT

On December 14, 2011, the Court issued an opinion and order granting Defendant's motion for summary judgment on the basis of qualified immunity and dismissing Plaintiff's only remaining claim with prejudice. ECF Nos. 65, 66. On January 5, 2012, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. ECF No. 74. The Court denied this motion on January 25, 2012. ECF No. 74. On February 13, 2012, Plaintiff filed a second motion for relief from judgment. ECF No. 75.

Under Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable

>   that the judgment should have prospective application; or,
>
>   (6) any other reason justifying relief from the operation of the judgment.

*Id.* at 395. Plaintiff again does not specify which subsection applies to his request, but appears to contend that the Court's order should be set aside or vacated because of mistake, inadvertence, surprise, or excusable neglect pursuant to Rule 60(b)(1) or for relief pursuant to Rule 60(b)(6).

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. . . ." Such a motion is

>   intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *see also Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal."). To be corrected, under Rule 60(b)(1), a mistake of law by the court must involve a fundamental misconception of law or a conflict with a clear statutory mandate. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000).

Although courts have some discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by the public policy favoring finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only

in unusual and extreme situations where principles of equity mandate relief." *Id.*; *see, e.g.*, *Weekley v. Jones*, 927 F.2d 382, 386 (8th Cir.1991) (extension of time for filing of notice of appeal could be granted to pro se prisoner who was on medication and who apparently still suffered from borderline mental retardation and paranoid schizophrenia); *Givens v. Housewright*, 612 F. Supp. 174,178 (D.Nev.1985) (extension of time to file appeal granted to habeas petitioner, in part because petitioner was required to turn to another inmate in prison yard to help him with his appeal and pressed other inmate to complete necessary work).

Plaintiff's second motion does not provide any legal authority that would support an argument that the Court's December 14, 2011, opinion and order involved a fundamental misconception of law or a conflict with a clear statutory mandate nor does Plaintiff provide any unusual and extreme situations where principles of equity mandate relief. Plaintiff's second motion for relief from judgment focuses on whether there is an issue of material fact as to whether the answers he provided on his kosher meals test were correct. As noted in the Court's December 14, 2011, opinion and order, Plaintiff's claim that Defendant Martin inappropriately relied only on the three interview questions and not on the written test Plaintiff believes he passed is not a claim properly before the Court. Plaintiff's only remaining claim is his claim concerning whether his First Amendment right was violated when Martin denied his request to participate in the Kosher Meals Program. The Court further explained that even if Plaintiff had pleaded such a claim, Plaintiff's general statements regarding falsification of unspecified statements is insufficient evidence to demonstrate a genuine issue of material fact on the issue of whether Defendant Martin falsified the results of Plaintiff's interview responses or written test answers. The Court noted that, whether Plaintiff's answers on the written test were correct or not, Martin based his decision to deny

Plaintiff's kosher meals request on Plaintiff's inability to "explain the major teachings of Judaism, or what a kosher diet does and does not consist of" during his interview, and that Plaintiff's "responses [did] not show the breadth of understanding of his newfound religion that would suggest a sincerity to follow its beliefs and practices" as required by the applicable Policy Directive and Operating Procedure 05.03.150A ¶ L. ECF No. # 16 Ex. D.  Because Martin did not violate any clearly established constitutional right in making his determination to deny Plaintiff's kosher meals request, the Court concluded that he was entitled to qualified immunity as to Plaintiff's remaining First Amendment claim.

Plaintiff's motion also appears to contend that former Defendant Burrus remained a party to the case at the time of the Court's December 14, 2011, opinion and order and that he is not entitled to qualified immunity. As noted in the Court's opinion and order denying Plaintiff's motion to amend the complaint (ECF No. 47), the United States Court of Appeals for the Sixth Circuit concluded that summary judgment was appropriate as to the claims against Burrus and he is no longer a party to the case.

Accordingly, it is **ORDERED** Plaintiff's second motion for relief from judgment (ECF No. 75) is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: April 11, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Derrick Allison, # 416330, at Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 by first class U.S. mail on April 11, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS